UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                    Case No. 19-12253
                                                     Honorable Linda V. Parker

JOHN DOE subscriber assigned
IP Address 108.226.89.25,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

On July 31, 2019, Plaintiff filed this lawsuit against an unknown individual alleging that the individual acquired and distributed Plaintiff's copyrighted works through an online, file-sharing network. Presently before the Court is Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, also filed on July 31, 2019. (ECF No. 3.) Plaintiff seeks to propound discovery requests upon Internet Service Provider ("ISP") AT&T U-verse ("AT&T") in order to identify the individual associated with the Internet Protocol ("IP") address from which the alleged infringing conduct was committed. For the reasons that follow, the Court is granting Plaintiff's motion for immediate discovery with certain conditions.

Plaintiff is the owner of federally registered copyrights to several adult motion pictures. (Lansky Decl. ¶ 3, ECF No. 3-2.) Plaintiff claims that Defendant illegally acquired and distributed those movies via the Internet. (*See, e.g.,* Compl. ¶ 4, ECF No. 1.) Through forensic software, Plaintiff identified Defendant's IP address and determined that Defendant used the internet system of the above-identified ISP to engage in the alleged illegal conduct. (Fieser Decl. ¶ 7, ECF No. 3-3.)

Plaintiff establishes that "good cause" exists for it to serve a third-party subpoena on AT&T in advance of a Rule 26(f) conference. *See Artista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004)); *Artista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (citing cases). Plaintiff makes a prima facie showing of a claim of copyright infringement, submits a specific discovery request, and establishes that (1) there are no alternative means to obtain the information that its seeks through the discovery, (2) there is a central need for the information, and (3) Defendant has a minimal expectation of privacy. The Court is satisfied that Defendant must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, with the following limitations. Plaintiff will be allowed to serve immediate discovery on the ISP to

obtain Defendant's identity by serving a Rule 45 subpoena that seeks information sufficient to identify Defendant, including name, current (and permanent) addresses, telephone number, email address, and Media Access Control address. Plaintiff shall attach a copy of this Opinion and Order to the subpoena. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

When the ISP is served with a subpoena, it shall give written notice, which may include email notice, to the subscriber in question within five (5) business days. If the ISP or subscriber wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 1, 2019